IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.H., by and through her parents, MICHAEL and ALANY HELMANTOLER; MICHAEL and ALANY HELMANTOLER,<br><br>  Plaintiffs,<br>  v.<br><br>MT. DIABLO UNIFIED SCHOOL DISTRICT,<br><br>  Defendant. | No. C 04-05400 SI<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE, VACATING THE MOTION HEARING, AND REQUESTING PARTIES TO APPEAR FOR THE CASE MANAGEMENT CONFERENCE** |

On March 15, 2005, plaintiffs filed this motion to strike defendant's prayer for attorneys' fees from defendant's answer. The Court has determined that this matter is suitable for submission without oral argument pursuant to Civil Local Rule 7-1(b); accordingly, the July 15, 2005, 9:00 a.m. motion hearing is VACATED.[1] Having carefully considered the papers submitted, the Court hereby GRANTS plaintiffs' motion to strike for the reasons set forth below.

**BACKGROUND**

Plaintiffs are K.H, a minor represented by and through her parents, and her parents Michael and Alany Helmanolter. Defendant is Mt. Diablo Unified School District. The underlying action was filed by plaintiffs on December 21, 2004, and appeals an adverse decision of the Special Education Hearing Office. The complaint alleges that the District violated the Individuals with Disabilities Education Act (IDEA) by failing to provide K.H

---

[1] The parties are still required to appear at the initial Case Management Conference at 2:00 p.m. on July 15, 2005.

with a free, appropriate public education in the least restrictive environment.

Defendant's answer, filed on January 22, 2005, included a prayer that the district be awarded the costs of suit and attorneys' fees in defense of the action. Beginning on March 1, 2005, the parties exchanged a series of letters regarding the validity of defendant's prayer for attorneys' fees. When the parties were unable to reach an agreement, plaintiffs filed this motion to strike pursuant to Federal Rule of Civil Procedure 12(f). Now before the Court is plaintiffs' Rule 12(f) motion to strike defendant's prayer for attorneys fees.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that the moving party may request that the court "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Immaterial" means that the matter has no bearing on the controversy before the court. See Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) rev'd on other grounds, 510 U.S. 517, 534-35 (1994); Platte Anchor Bolt, Inc. v. IHI Inc., 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004); Lilley v. Charren, 936 F. Supp. 798, 713 (N.D. Cal. 1996). However, a court may grant a motion to strike if "prejudice would result to the moving party from denial of the motion." Platte Anchor Boalt, Inc., 352 F. Supp. 2d at 1067. In addition, a motion to strike may be granted when "damages sought are not recoverable as a matter of law," or when the prayer for fees is "baseless." Bureerong v. Uvawas, 922 F. Supp. 1450, 1479 (C.D. Cal. 1996); Cal. Dep't of Toxic Substances Control v. Alco Pacific, 217 F. Supp. 2d 1028, 1046 (C.D. Cal. 2002). The court must view the request to strike in the light most favorable to the non-moving party. In re 2TheMart.Com Inc. Sec. Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

## DISCUSSION

Plaintiffs assert that attorneys' fees are not recoverable by the defendant as a matter of law because the school district lacks the required statutory authority to support the request. Specifically, plaintiffs argue that defendant's claim is immaterial because the plain language of the IDEA states that only parents are entitled to recover attorneys' fees under the statute. Furthermore, plaintiff asserts that a meritless inclusion of a prayer for fees should be discouraged as a matter of policy because it intimidates plaintiffs and may chill the willingness

of parents to enforce the rights of their children under the IDEA.

Defendant argues that the prayer for fees is material to the underlying litigation in three ways. First, defendant asserts that attorneys' fees are available to school districts under the language of the IDEA. Second, defendant asserts that attorneys' fees may be recoverable later through sanctions under Federal Rule of Civil Procedure 11. Third, defendant asserts that attorneys' fees may be available if plaintiff commits sanctionable behavior that would allow the court to grant the fees as an equitable remedy. Finally, defendant argues that the motion to strike is premature because the Court's determination of when to exercise its equitable powers is better made at the conclusion of litigation or as circumstances may warrant during the course of litigation.

It is important to note that defendants admit that they are not "specifically seeking attorneys' fees" from plaintiff under the IDEA in the present case and include no evidence or assertions that plaintiffs have acted in bad faith so as to warrant sanctions. Def.'s Opp'n at 1, 6-8.

### 1. Attorneys' fees under the IDEA

The relevant text of the IDEA states that attorneys' fees may be awarded "to the parent of a child with a disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(B). Plaintiffs assert that defendant's prayer is immaterial because the plain language of the statute and case law suggest that attorneys' fees are available only to parents. Defendant argues that because the IDEA is silent as to whether or not a school district may seek attorneys' fees, a school district has the legal basis to do so. The Ninth Circuit has not yet addressed this issue.

When "statutory language is plain, the sole function of the courts – at least where the disposition required by the test is not absurd – is to enforce it according to its terms." Lamie v. U.S. Trustee, 540 U.S. 526, 534 (2004) (internal citations omitted). The text of the IDEA is clear: "fees may be awarded to the parent of a child with disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(B). A plain reading of the statute suggests that the award of attorneys' fees under the statute is limited to parents only. This Court declines to read congressional silence on the issue of a school district's right to seek attorneys' fees as an affirmative statement that a district is entitled to do so. Had Congress intended to allow school districts to seek attorney fees under the statute, the statue would have stated the law as such, as it did for parents.

Courts which have addressed the fees question have uniformly found that the statute does not authorize an award of attorneys' fees to a school district even when the district prevails in litigation. See Kerr Center Parents Assoc. v. Charles, 1990 WL 103709 (D.Or. 1990) (holding that the IDEA did not entitle the district to attorney fees); Board of Educ. of Cmty. High Sch. Dist. 218 v. Illinois State Bd. of Educ., 979 F. Supp 1203, 122 (N.D. Ill. 1997) (holding that while the IDEA clearly authorizes the award of attorneys's fees to parents there is "no analogous provision for non-parent parties").

Defendant claims that the Fifth Circuit has interpreted the IDEA to permit the award of attorneys' fees to school districts as well as parents. However, the cases cited by defendant address only costs other than attorneys' fees or fail to reach the specific issue of attorneys' fees. See Cypress-Fairbanks Indep. Sch. Dist. v. Michael F., 118 F.3d 245, 257 n.34 (5th Cir. 1997) (holding that the IDEA allows the award of costs other than attorneys' fees to both parents and school districts but pointing out specifically that the issue of attorneys' fees was not before the court); Jason D.W. v. Houston Indep. Sch. Dist, 158 F.3d 205, 212 (5th Cir. 1998) (addressing the award of costs but remaining silent on the issue of attorney's fees); Andrew S. v. Dallas Indep. Sch. Dist., WL 2997477, at *2 (N.D. Tex. Dec. 28, 2004) (failing to consider the issue of school districts' attorneys' fees because plaintiff prevailed). Precedent does not suggest that the IDEA specifically allows a school district to recover attorneys' fees; rather, it suggests that only parents are entitled to such an award.

The Court finds that the clear weight of precedent and the plain language of the statute limit the award of attorney fees under the IDEA to parents. Accordingly, the IDEA provides no legal basis for the inclusion of attorneys' fees in defendant's answer.

**2.   Attorneys' fees as sanctions**

Defendant argues that the prayer for attorney fees is valid because such fees may be recoverable by way of sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. However, Rule 11 specifically states that a motion for sanctions "shall be made separately from other motions or requests." See Fed. R. Civ. P. Rule 11(c)(1)(A). Rule 11 provides no basis for defendant's assertion that it is appropriate to request attorneys' fees in the answer. In addition, Rule 11 states that sanctions are imposed by a motion of a party or by the court's own initiative when a party has made either an inaccurate or unreasonable representation to the

court. Id. Here, defendant does not suggest that plaintiffs should be subject to sanctions, but only that it is possible that sanctions might be appropriate in the future. The argument that a party may include a prayer for attorneys' fees based on nothing more than the possibility that the opposing party may act in bad faith at some unspecified time in the future is misguided. Defendant has no need to preserve the right to file for attorneys' fees under Rule 11; rather, if and when questionable conduct occurs, defendant may file a motion to seek sanctions. Id.

The Court finds that Rule 11 provides no legal basis for including the prayer for attorneys' fees in defendant's answer.

### 3.     **Attorneys' fees as an equitable remedy**

Defendant argues that it has the right to seek attorneys' fees as an equitable remedy. Specifically, defendant argues that the federal courts have the power to award fees "in exercise of their equitable powers" or in response to misconduct under 28 U.S.C. § 1927 if the court finds bad faith or reckless-ness. Wininger v. SI Mgmt., 301 F.3d 1115, 1120 (9th Cir. 2002); Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1363 (9th Cir. 1994). Defendant further argues that because attorneys' fees are special damages they must be pled specifically or the right to seek them will be waived. See Fed. R. Civ. P. 9.

Defendant's argument ignores the fact that the courts' right to exercise equitable powers is not limited by what is contained in the pleadings, but is most often used as means to address bad faith conduct "during litigation." Guevara v. Maritime Overseas Corp., 59 F.3d 1496, 1502 (5th Cir. 1995). In addition, the Supreme Court has limited equitable fee shifting to a very narrow set of circumstances including: when litigation directly benefits another; willful disobedience of a court order; or when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991). Defendant does not argue that plaintiffs have acted in bad faith or that any of the other exceptions that would enable the district to qualify for equitable fee shifting are applicable. Instead, defendant argues that it is possible that plaintiff may act in bad faith in the future; therefore, to preserve the right to invoke the Court's equitable powers, the prayer for attorneys' fees must be included in the complaint. This claim ignores the fact that equitable remedies are evoked only to rectify an actual wrong committed by one of the parties. Defendant has

5

no right to seek an equitable remedy from the Court based on nothing more than the remote possibility of future wrongdoing. Rather, defendant retains the legal right to seek an equitable remedy for any qualifying future wrongs that actually occur.

As fee shifting under a court's equitable powers is a rare remedy available at any point in litigation, and as defendant has offered no evidence that any wrong is at issue in the current case, the Court finds that the theoretical possibility that an equitable remedy will be needed in the future does not provide a legal basis for defendant to include a request for attorneys' fees in the answer.

Because the Court finds that defendant has no statutory or other legal grounds for including a prayer for attorneys' fees in the answer, the Court GRANTS plaintiffs' motion to strike.

**4.     Timing of the motion to strike**

Defendant argues that plaintiffs' motion to strike is premature because a court's determination of when to exercise such powers should be made at the conclusion of litigation or as circumstances warrant during the course of litigation. Plaintiffs argue that because the request is meritless, the Court should discourage the inclusion of prayers for attorneys' fees because such fees contravene the stated text of the IDEA, intimidate plaintiffs, and have a potential chilling effect on families seeking to exercise their rights under the IDEA.

The Court finds that there is no statutory grounds under the IDEA for the district's prayer for attorneys' fees. The Court also finds meritless defendant's argument that the potential for future wrongs is enough to warrant a request for equitable relief. Therefore, the Court need not await further litigation prior to making a decision. To allow a meritless request to stand for the duration of the litigation on the sole basis that equitable powers may be evoked in the future would undermine the legal presumption that attorneys' fees are available only when authorized by a statute or contractual agreement. See Hall v. Cole, 412 U.S. 1, 4 (1973) (holding that in the absence of statutory or contractual authorization, the allowance of attorneys' fees is disfavored). The Court finds that defendant's request for attorneys' fees is appropriately stricken at this time.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiffs' motion to

strike pursuant to Federal Rule of Civil Procedure 12(f).  The Court vacates the July 15, 2005, 9:00 a.m. hearing.  **The parties are still required to appear at the case management conference at 2:00 p.m. that same day.**

**IT IS SO ORDERED.**

Dated: July 13, 2005

                                          SUSAN ILLSTON
                                          United States District Judge