**United States District Court**
For the Northern District of California

1

2

3

4

5      IN THE UNITED STATES DISTRICT COURT

6      FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   K,H., by and through her parents, MICHAEL AND        No. C 04-05400 SI
    ALANY HELMANTOLER,
9                                                        **ORDER GRANTING PLAINTIFFS'**
              Plaintiff,                                 **MOTION TO HEAR ADDITIONAL**
10     v.                                                **EVIDENCE**

11  MT. DIABLO UNIFIED SCHOOL DISTRICT,

12            Defendant.
                                                   /
13

14

15

16      On September 23, 2005, the Court heard arguments on  plaintiffs' motion to introduce additional

17  evidence and defendant's request to introduce rebuttal evidence.  Having considered the arguments of counsel

18  and the papers submitted, the Court hereby GRANTS plaintiffs' motion, and DENIES defendant's request

19  without prejudice to defendant moving to introduce such evidence at a later time.

20

21                                      **BACKGROUND**

22      K.H. is a 7-year-old  with developmental delays who is eligible for special education services from

23  defendant Mt. Diablo Unified School District.  Plaintiffs are K.H.'s parents, Michael and Alany Helmantoler,

24  who filed suit on K.H.'s behalf, pursuing changes in the education plan offered by the defendant.

25      In 2001, defendant began providing special education services to K.H.  At a meeting with K.H.'s

26  education team in December 2003, plaintiffs requested changes in K.H.'s education plan.  Plaintiffs believed

27  their daughter's disabilities were more mild than defendant believed.  They  sought to have her placement with

28  non-disabled children expanded beyond socialization to academic instruction, with sign language added in to

1  enhance K.H.'s understanding.  In addition, plaintiffs requested an increase in the various therapies that K.H.

2  received.[1]

3  Defendant offered an education plan in June 2004 which did not include plaintiffs' requests.  Dissatisfied

4  with the plan, plaintiffs sought an administrative hearing at the California Special Education Hearing Office

5  ("SEHO").  At the SEHO hearing during July and August of 2004, plaintiffs appeared pro se.  After considering

6  oral testimony from 19 witnesses as well as documentary evidence, the SEHO officer issued a 51-page opinion

7  almost entirely in favor of defendant.

8  In December 2004, now represented by counsel, plaintiffs filed this suit to challenge the findings made

9  by the hearing officer.  Plaintiffs claim that the hearing officer improperly assessed K.H. regarding audiological

10  functioning, improperly found no hearing impairment, and offered an inadequate education plan.

11  Now before the Court is plaintiffs' motion to supplement the administrative record.  Plaintiffs seek to

12  introduce three items of evidence that were not considered at the SEHO hearing.  First, they seek to introduce

13  the declaration and testimony of Carina M. Grandison, Ph.D., a neuropsychologist who submitted a report but

14  did not testify at the administrative hearing.  Second, plaintiffs seek to introduce the assessment and testimony

15  of Merrilee P. McBride, M.Ed., a specialist in early childhood disabilities who assessed K.H.'s abilities with

16  a combined method of sign and speech after the SEHO hearing took place.  Finally, plaintiffs seek to introduce

17  the audiologic assessment and testimony of Judith Paton, M.A., an audiologist specializing in central auditory

18  processing disorders.  Plaintiffs claim that the diagnoses and recommendations from all three of these witnesses

19  bear on the Court's determination of the adequacy of the placement and services offered by the defendant.

20

21  **LEGAL STANDARD**

22  Congress created the Individuals with Disabilities Education Act ("IDEA") to meet the unique needs

23  of disabled children with a free, appropriate public education.  *Bd. of Educ. of Hendrick Hudson Cent. Sch.*

24  *Dist. v. Rowley*, 458 U.S. 176, 181 (1982); *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1469 (9th

25  Cir. 1993).  The IDEA contains numerous procedural safeguards to assure that schools meet these unique

26  _____

27  [1]This therapy included speech and language therapy, occupational therapy, and physical therapy.

28  2

**United States District Court**

For the Northern District of California

**United States District Court**

For the Northern District of California

1   needs. *Ojai*, 4 F.3d at 1469.  Parents may file a complaint with the school district regarding the services

2   provided under their child's individual education plan ("IEP"), and may pursue an administrative hearing if the

3   complaint is unresolved. *Id.*  If unhappy with the result of the hearing, parents may appeal the results through

4   a civil action in state or federal court. *Rowley*, 458 U.S. at 176.

5          When a party appeals the administrative hearing result, the provisions of the IDEA place the court in

6   a unique position.  The IDEA provides, in pertinent part, that "the court shall receive the records of the

7   administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on

8   the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C.

9   § 1415(i)(2)(C)(ii).[2]  As a result, the court may give less than the usual deference to the administrative hearing

10  officer's findings of fact.  *Ms. S. v. Vashon Island Sch. Dist.*, 337 F.3d 1115, 1126 (9th Cir. 2003),

11  *superseded by statute in non-relevant part*, *M.L. v. Fed. Way Sch. Dist.,* 394 F.3d 634 (9th Cir. 2005).

12  Complete de novo review, however, is inappropriate, because this would negate the administrative hearing

13  process. *See id.*  Due weight must be accorded to the administrative findings,[3] and the court determines how

14  much weight to give to these findings and to any additional evidence it deems appropriate to admit.  *See Ojai*,

15  4 F.3d at 1473; s*ee also Rowley*, 458 U.S. at 206; *Vashon*, 337 F.3d at 1127.

16

17                                              **DISCUSSION**

18         As mentioned above, the IDEA allows a party to request that the court hear "additional evidence."

19  The Ninth Circuit has construed "additional" evidence to mean "supplemental" information.  *Ojai,* 4 F.3d at

20  1472.  Therefore, witnesses may not repeat or embellish their prior testimony, which would be inconsistent with

21

22         [2]When engaging in review under the IDEA, the Court looks to the law that was in effect at the time of
    the pertinent events. *Ms. S. v. Vashon Island Sch. Dist.*, 337 F.3d 1115, 1119 (9th Cir. 2003), *superseded
23  by statute in non-relevant part*, *M.L. v. Fed. Way Sch. Dist.,* 394 F.3d 634 (9th Cir. 2005). After the
    pertinent events took place in this case, the relevant statutory section was changed from 20 U.S.C. §
24  1415(i)(2)(B)(ii) to 20 U.S.C. § 1415(i)(2)(C)(ii). Given that both statutory sections are identical, the Court
    will refer to the latter, current section in this Order.
25
         [3]The Ninth Circuit defines "due weight" as follows: "The court, in recognition of the expertise of the
26  administrative agency, must consider the findings carefully and endeavor to respond to the hearing officer's
    resolution of each material issue. After such consideration, the court is free to accept or reject the findings in
27  part or in whole." *Vashon,* 337 F.3d at 1127.

28                                                  3

United States District Court

For the Northern District of California

1   the usual definition of "additional" and would run counter to giving due weight to the administrative proceeding

2   as is required under the IDEA. *Id.* at 1472-73 (citing *Rowley*, 458 U.S. at 206); *see also id.* at 1473 (noting

3   that "reasons for supplementation will vary; they might include gaps in the administrative transcript owing to

4   mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency,

5   and evidence concerning relevant events occurring subsequent to the administrative hearing.").

6          Plaintiffs seek to admit three items of evidence: the declaration and testimony of Dr. Grandison; the

7   communication assessment and testimony of Merrilee McBride; and the audiological assessment and testimony

8   of Judith Paton.

9

10  **1.      Declaration and testimony of Carina M. Grandison, Ph.D.**

11         At defendant's request, Dr. Grandison assessed the neuropsychological condition of K.H. in April

12  2004. She produced a written report that was later considered by the hearing officer at K.H.'s administrative

13  hearing. Although plaintiffs requested that Dr. Grandison testify at the hearing, they were unable to afford her

14  hourly rate, and therefore she did not testify. Grandison Decl. ¶ 7. Plaintiffs now seek to introduce evidence

15  from Dr. Grandison, claiming that the hearing officer misconstrued her report, and that her report does not

16  support the hearing officer's findings. Grandison Decl. ¶¶ 8-11. The defendant claims that the declaration and

17  testimony of Dr. Grandison does not meet criteria under *Ojai* for admitting additional evidence.

18         As an initial matter, the Court finds that Dr. Grandison's declaration and testimony are not cumulative

19  to her original report. Dr. Grandison's report diagnosed K.H. with a neurodevelopmental disorder. Notably,

20  the report lacks information as to whether the diagnosis specifically involved a speech and language processing

21  disorder. The declaration details that, in fact, Dr. Grandison did diagnose K.H. with a processing disorder.

22  Grandison Decl. ¶ 11. In addition, Dr. Grandison states in the declaration that if she had been called to testify

23  as to appropriateness of placement, she would have informed the officer that she cannot offer an expert opinion

24  as to its appropriateness because she did not assess the classroom setting. Grandison Decl. ¶ 9.

25         Defendant also argues that plaintiffs have not met their burden of demonstrating the need for additional

26  evidence. An administrative hearing witness is rebuttably presumed to be foreclosed from testifying at trial.

27

28                                                          4

**United States District Court**
For the Northern District of California

1   *Ojai*, 4 F.3d at 1473.  However, the presumption is rebuttable if the court determines there was a good reason

2   why the witness did not testify at the administrative hearing, and if it does not involve a party "undercut[ting]

3   the statutory role of administrative expertise... [or] reserving its best evidence for trial."  *Id.*

4          Here, Dr. Grandison was unavailable to testify because plaintiffs could not afford her hourly rate.

5   Grandison Decl. ¶ 7.  The record indicates no intent on plaintiffs' part to engage in tactical delay.  *See Ojai,*

6   4 F.3d at 1473; *Springer v. Fairfax County Sch. Bd.*, 134 F.3d 659, 667 (4th Cir. 1998).  If anything, the

7   plaintiffs were tactically disadvantaged due to the lack of representation by an attorney at the SEHO hearing.

8   This distinguishes the present case from that of *Springer,* because in *Springer* the parents chose tactical and

9   financial reasons to delay expert testimony until trial.  *Springer*, 134 F.3d at 667.  In the present case, in

10  contrast, plaintiffs appeared at their hearing pro se, and failed to introduce the testimony of Dr. Grandison solely

11  because they could not afford to pay her to do so.

12         Defendant also argues that the "snapshot rule" forecloses the use of the proposed Grandison evidence.

13  *See Adams v. State of Oregon,* 195 F.3d 1141, 1149 (9th Cir. 1999) (noting adequacy of a plan must be

14  based not on interim progress after a planning meeting but on whether the team reasonably calculated methods

15  to confer meaningful benefit).  The snapshot rule, however, does not bar a court from considering evidence

16  acquired after the hearing; it merely requires that the hearing officer's judgment not be second-guessed based

17  on hindsight.  *See id.*  The Ninth Circuit has repeatedly allowed the introduction of evidence that was gathered

18  after the administrative hearing.  *See Ojai*, 4 F.3d at 1473 (holding additional evidence admissible regarding

19  events subsequent to the administrative hearing); *see also Capistrano Unified School Dist. v. Wartenberg*,

20  59 F.3d 884, 890 (9th Cir. 1995) (noting the district court admitted evidence regarding student's performance

21  occurring after the administrative hearing).

22         For the foregoing reasons, plaintiffs' motion to admit additional evidence of the declaration and

23  testimony of Dr. Grandison is GRANTED.

24

25  **2.        Assessment and testimony of Merrilee P. McBride, M.Ed., and Judith Paton, M.A.**

26         Plaintiffs request admission of evidence of two assessments completed to assess K.H.'s audiological

27

28                                              5

United States District Court
For the Northern District of California

1   functioning. The first of these, the McBride assessment, covers K.H.'s communications skills, and specifically

2   addressed the value of using both speech and sign to communicate with K.H. The second, the Paton

3   assessment, covers K.H.'s audiological abilities. Both of these assessments occurred after the SEHO hearing.

4   Plaintiffs claim that the information represents additional evidence in the form of updates subsequent to the

5   hearing.

6       For the reasons discussed above, because the information in the assessments is non-cumulative, the

7   Court will allow it to be introduced into evidence. *See Ojai*, 4 F.3d at 1473; *see Capistrano,* 59 F.3d at 890.

8   The assessments address the SEHO findings that K.H. has no audiological disorder and that sign language and

9   other related training need not be incorporated into the education plan. Pl. Mot. at 12; Compl. Ex. A, SEHO

10  Decison at 15, 19. Both of the assessments occurred after the SEHO hearing and pertain to audio disorders

11  of processing, rather than only physical receptivity to sound. Further, neither assessment is cumulative. For

12  example, McBride assessed K.H. using sign language. Stein Decl. ¶ 2, Ex. A at 3. Prior to McBride's

13  assessment, no testing occurred using this combined method. *Id.* Similarly, Paton assessed K.H. because her

14  hearing presented concerns, despite normal audiogram results. Stein Decl. ¶ 4, Ex. C at 1. In her findings,

15  Paton diagnosed K.H. with a central auditory processing disorder. *Id.* at 2. Paton also found audio functioning

16  deficits consistent with K.H.'s temporal lobe area problems. *Id.* at 1.

17      Defendant argues that because the assessments occurred after the hearing, the evidence should not be

18  admitted. However, defendant again misplaces reliance on the "snapshot rule." Given that there is no evidence

19  of tactical maneuvering, plaintiffs may introduce non-cumulative evidence, regardless of when that information

20  was obtained. *See Vashon,* 337 F.3d at 1128; *Ojai,* 4 F.3d at 1472.

21      Finally, defendant argues that plaintiffs' motion should be denied because the information is unnecessary

22  and inconsistent with the Court's deferential role toward the SEHO findings. However, the admission of this

23  evidence will not bar the Court from according due weight to the SEHO finding, but will instead assist the Court

24  by providing a complete record. Accordingly, plaintiffs' motion to admit additional evidence of the assessment

25  and testimony of Merrilee P. McBride, M.Ed., and Judith Paton, M.A. is GRANTED.

26

27

28
                                        6

**United States District Court**
For the Northern District of California

**3.        Rebuttal evidence and/or testimony**

Defendant requests that the court allow it to admit additional evidence to rebut the evidence plaintiffs seek to introduce.  Because much of the evidence defendant seeks to introduce is cumulative, however, it runs a greater risk of creating a *de novo* trial rather than a review of the administrative findings.  *See Ojai,* 4 F.3d at 1473.  Defendant proposes that rebuttal testimony of Carrie Davis, K.H.'s special day class teacher, is necessary to rebut the Grandison evidence; this evidence, however, is cumulative.[4]  Evidence that is cumulative is, by definition, not additional, and is therefore inadmissible.  *Vashon,* 337 F.3d at 1128.

Defendant also sought leave to introduce additional, unspecified evidence in response to the McBride and Paton assessments.  The Court, however, will not give the defendant carte blanche to introduce additional evidence.  Defendant may gather evidence of specific witnesses and subject matter in rebuttal and then move for admission of the new evidence.

Accordingly, the defendant's current request to admit rebuttal evidence is DENIED.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiffs' motion to hear additional evidence (Docket #42) and DENIES defendant's request for admission of rebuttal evidence without prejudice to defendant moving introduce such evidence at a later time.[5]

**IT IS SO ORDERED.**

---

[4]Specifically, Davis would testify that Dr. Grandison attended the June IEP meeting, that Dr. Grandison did not state then or in her report that K.H.'s classroom placement was inappropriate, that Dr. Grandison reviewed information from K.H.'s teachers, and that Dr. Grandison did not observe K.H. in the classroom. Def. Opp. at 12.  However, the declaration by Dr. Grandison contains this information, with the exception of Dr. Grandison's attendance and statements at the June IEP meeting.  *See* Grandison Decl. ¶ 3-5.  The information concerning the June IEP meeting is documented in the SEHO findings.  *See* Compl. Ex. A, SEHO Decison at 8.

[5]In its opposition, defendant disclosed that through mediation the parties agreed to have K.H. assessed using sign language. Opp. Mot. at 4; Rho-Ng Supp. Dec. at 3.  Plaintiffs state that they did not consent to this disclosure of confidential mediation statements. Pl. Reply Br. at 9; *see also* ADR Local Rule 6-11.  In the future, defendant should take care to ensure that similar disclosures do not occur.

7

1

2   Dated: 10/19/05

3

4                                                      SUSAN ILLSTON
                                                       United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                       8

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1

2

3

4

5              IN THE UNITED STATES DISTRICT COURT

6           FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   K,H., by and through her parents, MICHAEL AND        No. C 04-05400 SI
    ALANY HELMANTOLER,
9                                                        **ORDER GRANTING PLAINTIFFS'**
           Plaintiff,                                    **MOTION TO HEAR ADDITIONAL**
10     v.                                                **EVIDENCE**

11  MT. DIABLO UNIFIED SCHOOL DISTRICT,

12         Defendant.
                                                    /
13

14

15

16        On September 23, 2005, the Court heard arguments on plaintiffs' motion to introduce additional

17  evidence and defendant's request to introduce rebuttal evidence. Having considered the arguments of counsel

18  and the papers submitted, the Court hereby GRANTS plaintiffs' motion, and DENIES defendant's request

19  without prejudice to defendant moving to introduce such evidence at a later time.

20

21                                     **BACKGROUND**

22        K.H. is a 7-year-old with developmental delays who is eligible for special education services from

23  defendant Mt. Diablo Unified School District. Plaintiffs are K.H.'s parents, Michael and Alany Helmantoler,

24  who filed suit on K.H.'s behalf, pursuing changes in the education plan offered by the defendant.

25        In 2001, defendant began providing special education services to K.H. At a meeting with K.H.'s

26  education team in December 2003, plaintiffs requested changes in K.H.'s education plan. Plaintiffs believed

27  their daughter's disabilities were more mild than defendant believed. They sought to have her placement with

28  non-disabled children expanded beyond socialization to academic instruction, with sign language added in to

1 enhance K.H.'s understanding.  In addition, plaintiffs requested an increase in the various therapies that K.H.

2 received.[1]

3 Defendant offered an education plan in June 2004 which did not include plaintiffs' requests.  Dissatisfied

4 with the plan, plaintiffs sought an administrative hearing at the California Special Education Hearing Office

5 ("SEHO").  At the SEHO hearing during July and August of 2004, plaintiffs appeared pro se.  After considering

6 oral testimony from 19 witnesses as well as documentary evidence, the SEHO officer issued a 51-page opinion

7 almost entirely in favor of defendant.

8 In December 2004, now represented by counsel, plaintiffs filed this suit to challenge the findings made

9 by the hearing officer.  Plaintiffs claim that the hearing officer improperly assessed K.H. regarding audiological

10 functioning, improperly found no hearing impairment, and offered an inadequate education plan.

11 Now before the Court is plaintiffs' motion to supplement the administrative record.  Plaintiffs seek to

12 introduce three items of evidence that were not considered at the SEHO hearing.  First, they seek to introduce

13 the declaration and testimony of Carina M. Grandison, Ph.D., a neuropsychologist who submitted a report but

14 did not testify at the administrative hearing.  Second, plaintiffs seek to introduce the assessment and testimony

15 of Merrilee P. McBride, M.Ed., a specialist in early childhood disabilities who assessed K.H.'s abilities with

16 a combined method of sign and speech after the SEHO hearing took place.  Finally, plaintiffs seek to introduce

17 the audiologic assessment and testimony of Judith Paton, M.A., an audiologist specializing in central auditory

18 processing disorders.  Plaintiffs claim that the diagnoses and recommendations from all three of these witnesses

19 bear on the Court's determination of the adequacy of the placement and services offered by the defendant.

20

21 **LEGAL STANDARD**

22 Congress created the Individuals with Disabilities Education Act ("IDEA") to meet the unique needs

23 of disabled children with a free, appropriate public education.  *Bd. of Educ. of Hendrick Hudson Cent. Sch.*

24 *Dist. v. Rowley*, 458 U.S. 176, 181 (1982); *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1469 (9th

25 Cir. 1993).  The IDEA contains numerous procedural safeguards to assure that schools meet these unique

26

27 [1]This therapy included speech and language therapy, occupational therapy, and physical therapy.

28 2

United States District Court

For the Northern District of California

**United States District Court**

For the Northern District of California

1    needs. *Ojai*, 4 F.3d at 1469.  Parents may file a complaint with the school district regarding the services

2    provided under their child's individual education plan ("IEP"), and may pursue an administrative hearing if the

3    complaint is unresolved. *Id.*  If unhappy with the result of the hearing, parents may appeal the results through

4    a civil action in state or federal court. *Rowley*, 458 U.S. at 176.

5          When a party appeals the administrative hearing result, the provisions of the IDEA place the court in

6    a unique position.  The IDEA provides, in pertinent part, that "the court shall receive the records of the

7    administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on

8    the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C.

9    § 1415(i)(2)(C)(ii).[2]  As a result, the court may give less than the usual deference to the administrative hearing

10    officer's findings of fact.  *Ms. S. v. Vashon Island Sch. Dist.*, 337 F.3d 1115, 1126 (9th Cir. 2003),

11    *superseded by statute in non-relevant part*, *M.L. v. Fed. Way Sch. Dist.,* 394 F.3d 634 (9th Cir. 2005).

12    Complete de novo review, however, is inappropriate, because this would negate the administrative hearing

13    process. *See id.*  Due weight must be accorded to the administrative findings,[3] and the court determines how

14    much weight to give to these findings and to any additional evidence it deems appropriate to admit. *See Ojai*,

15    4 F.3d at 1473; s*ee also Rowley*, 458 U.S. at 206; *Vashon*, 337 F.3d at 1127.

16

17                                         **DISCUSSION**

18          As mentioned above, the IDEA allows a party to request that the court hear "additional evidence."

19    The Ninth Circuit has construed "additional" evidence to mean "supplemental" information.  *Ojai,* 4 F.3d at

20    1472.  Therefore, witnesses may not repeat or embellish their prior testimony, which would be inconsistent with

21

22          [2]When engaging in review under the IDEA, the Court looks to the law that was in effect at the time of
     the pertinent events. *Ms. S. v. Vashon Island Sch. Dist.*, 337 F.3d 1115, 1119 (9th Cir. 2003), *superseded*
23    *by statute in non-relevant part*, *M.L. v. Fed. Way Sch. Dist.,* 394 F.3d 634 (9th Cir. 2005). After the
     pertinent events took place in this case, the relevant statutory section was changed from 20 U.S.C. §
24    1415(i)(2)(B)(ii) to 20 U.S.C. § 1415(i)(2)(C)(ii).  Given that both statutory sections are identical, the Court
     will refer to the latter, current section in this Order.
25
          [3]The Ninth Circuit defines "due weight" as follows: "The court, in recognition of the expertise of the
26    administrative agency, must consider the findings carefully and endeavor to respond to the hearing officer's
     resolution of each material issue. After such consideration, the court is free to accept or reject the findings in
27    part or in whole." *Vashon,* 337 F.3d at 1127.

28                                              3

1   the usual definition of "additional" and would run counter to giving due weight to the administrative proceeding

2   as is required under the IDEA. *Id.* at 1472-73 (citing *Rowley*, 458 U.S. at 206); *see also id.* at 1473 (noting

3   that "reasons for supplementation will vary; they might include gaps in the administrative transcript owing to

4   mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency,

5   and evidence concerning relevant events occurring subsequent to the administrative hearing.").

6       Plaintiffs seek to admit three items of evidence: the declaration and testimony of Dr. Grandison; the

7   communication assessment and testimony of Merrilee McBride; and the audiological assessment and testimony

8   of Judith Paton.

9

10  **1.      Declaration and testimony of Carina M. Grandison, Ph.D.**

11      At defendant's request, Dr. Grandison assessed the neuropsychological condition of K.H. in April

12  2004. She produced a written report that was later considered by the hearing officer at K.H.'s administrative

13  hearing. Although plaintiffs requested that Dr. Grandison testify at the hearing, they were unable to afford her

14  hourly rate, and therefore she did not testify. Grandison Decl. ¶ 7. Plaintiffs now seek to introduce evidence

15  from Dr. Grandison, claiming that the hearing officer misconstrued her report, and that her report does not

16  support the hearing officer's findings. Grandison Decl. ¶¶ 8-11. The defendant claims that the declaration and

17  testimony of Dr. Grandison does not meet criteria under *Ojai* for admitting additional evidence.

18      As an initial matter, the Court finds that Dr. Grandison's declaration and testimony are not cumulative

19  to her original report. Dr. Grandison's report diagnosed K.H. with a neurodevelopmental disorder. Notably,

20  the report lacks information as to whether the diagnosis specifically involved a speech and language processing

21  disorder. The declaration details that, in fact, Dr. Grandison did diagnose K.H. with a processing disorder.

22  Grandison Decl. ¶ 11. In addition, Dr. Grandison states in the declaration that if she had been called to testify

23  as to appropriateness of placement, she would have informed the officer that she cannot offer an expert opinion

24  as to its appropriateness because she did not assess the classroom setting. Grandison Decl. ¶ 9.

25      Defendant also argues that plaintiffs have not met their burden of demonstrating the need for additional

26  evidence. An administrative hearing witness is rebuttably presumed to be foreclosed from testifying at trial.

27

28                                                          4

United States District Court

For the Northern District of California

1   *Ojai*, 4 F.3d at 1473. However, the presumption is rebuttable if the court determines there was a good reason

2   why the witness did not testify at the administrative hearing, and if it does not involve a party "undercut[ting]

3   the statutory role of administrative expertise... [or] reserving its best evidence for trial." *Id.*

4       Here, Dr. Grandison was unavailable to testify because plaintiffs could not afford her hourly rate.

5   Grandison Decl. ¶ 7. The record indicates no intent on plaintiffs' part to engage in tactical delay. *See Ojai,*

6   4 F.3d at 1473; *Springer v. Fairfax County Sch. Bd.*, 134 F.3d 659, 667 (4th Cir. 1998). If anything, the

7   plaintiffs were tactically disadvantaged due to the lack of representation by an attorney at the SEHO hearing.

8   This distinguishes the present case from that of *Springer,* because in *Springer* the parents chose tactical and

9   financial reasons to delay expert testimony until trial. *Springer*, 134 F.3d at 667. In the present case, in

10  contrast, plaintiffs appeared at their hearing pro se, and failed to introduce the testimony of Dr. Grandison solely

11  because they could not afford to pay her to do so.

12      Defendant also argues that the "snapshot rule" forecloses the use of the proposed Grandison evidence.

13  *See Adams v. State of Oregon,* 195 F.3d 1141, 1149 (9th Cir. 1999) (noting adequacy of a plan must be

14  based not on interim progress after a planning meeting but on whether the team reasonably calculated methods

15  to confer meaningful benefit). The snapshot rule, however, does not bar a court from considering evidence

16  acquired after the hearing; it merely requires that the hearing officer's judgment not be second-guessed based

17  on hindsight. *See id.* The Ninth Circuit has repeatedly allowed the introduction of evidence that was gathered

18  after the administrative hearing. *See Ojai*, 4 F.3d at 1473 (holding additional evidence admissible regarding

19  events subsequent to the administrative hearing); *see also Capistrano Unified School Dist. v. Wartenberg*,

20  59 F.3d 884, 890 (9th Cir. 1995) (noting the district court admitted evidence regarding student's performance

21  occurring after the administrative hearing).

22      For the foregoing reasons, plaintiffs' motion to admit additional evidence of the declaration and

23  testimony of Dr. Grandison is GRANTED.

24

25  **2.      Assessment and testimony of Merrilee P. McBride, M.Ed., and Judith Paton, M.A.**

26  Plaintiffs request admission of evidence of two assessments completed to assess K.H.'s audiological

27

28                                                      5

**United States District Court**
For the Northern District of California

1  functioning.  The first of these, the McBride assessment, covers K.H.'s communications skills, and specifically

2  addressed the value of using both speech and sign to communicate with K.H.  The second, the Paton

3  assessment, covers K.H.'s audiological abilities.  Both of these assessments occurred after the SEHO hearing.

4  Plaintiffs claim that the information represents additional evidence in the form of updates subsequent to the

5  hearing.

6          For the reasons discussed above, because the information in the assessments is non-cumulative, the

7  Court will allow it to be introduced into evidence. *See Ojai*, 4 F.3d at 1473; *see Capistrano,* 59 F.3d at 890.

8  The assessments address the SEHO findings that K.H. has no audiological disorder and that sign language and

9  other related training need not be incorporated into the education plan.  Pl. Mot. at 12; Compl. Ex. A, SEHO

10  Decison at 15, 19.  Both of the assessments occurred after the SEHO hearing and pertain to audio disorders

11  of processing, rather than only physical receptivity to sound.  Further, neither assessment is cumulative.  For

12  example, McBride assessed K.H. using sign language.  Stein Decl. ¶ 2, Ex. A at 3.  Prior to McBride's

13  assessment, no testing occurred using this combined method. *Id.*  Similarly, Paton assessed K.H. because her

14  hearing presented concerns, despite normal audiogram results.  Stein Decl. ¶ 4, Ex. C at 1.  In her findings,

15  Paton diagnosed K.H. with a central auditory processing disorder. *Id.* at 2.  Paton also found audio functioning

16  deficits consistent with K.H.'s temporal lobe area problems. *Id.* at 1.

17          Defendant argues that because the assessments occurred after the hearing, the evidence should not be

18  admitted.  However, defendant again misplaces reliance on the "snapshot rule."  Given that there is no evidence

19  of tactical maneuvering, plaintiffs may introduce non-cumulative evidence, regardless of when that information

20  was obtained. *See Vashon,* 337 F.3d at 1128; *Ojai,* 4 F.3d at 1472.

21          Finally, defendant argues that plaintiffs' motion should be denied because the information is unnecessary

22  and inconsistent with the Court's deferential role toward the SEHO findings.  However, the admission of this

23  evidence will not bar the Court from according due weight to the SEHO finding, but will instead assist the Court

24  by providing a complete record.  Accordingly, plaintiffs' motion to admit additional evidence of the assessment

25  and testimony of Merrilee P. McBride, M.Ed., and Judith Paton, M.A. is GRANTED.

26

27

28                                                              6

**United States District Court**
For the Northern District of California

1
**3.        Rebuttal evidence and/or testimony**

2         Defendant requests that the court allow it to admit additional evidence to rebut the evidence plaintiffs

3   seek to introduce.  Because much of the evidence defendant seeks to introduce is cumulative, however, it runs

4   a greater risk of creating a *de novo* trial rather than a review of the administrative findings.  *See Ojai,* 4 F.3d

5   at 1473.  Defendant proposes that rebuttal testimony of Carrie Davis, K.H.'s special day class teacher, is

6   necessary to rebut the Grandison evidence; this evidence, however, is cumulative.[4]  Evidence that is cumulative

7   is, by definition, not additional, and is therefore inadmissible.  *Vashon,* 337 F.3d at 1128.

8         Defendant also sought leave to introduce additional, unspecified evidence in response to the McBride

9   and Paton assessments.  The Court, however, will not give the defendant carte blanche to introduce additional

10  evidence.  Defendant may gather evidence of specific witnesses and subject matter in rebuttal and then move

11  for admission of the new evidence.

12        Accordingly, the defendant's current request to admit rebuttal evidence is DENIED.

13

14                                    **CONCLUSION**

15        For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiffs' motion

16  to hear additional evidence (Docket #42) and DENIES defendant's request for admission of rebuttal evidence

17  without prejudice to defendant moving introduce such evidence at a later time.[5]

18

19        **IT IS SO ORDERED.**

20   _____

21        [4]Specifically, Davis would testify that Dr. Grandison attended the June IEP meeting, that Dr. Grandison did not state then or in her report that K.H.'s classroom placement was inappropriate, that Dr. Grandison
22   reviewed information from K.H.'s teachers, and that Dr. Grandison did not observe K.H. in the classroom. Def. Opp. at 12.  However, the declaration by Dr. Grandison contains this information, with the exception of
23   Dr. Grandison's attendance and statements at the June IEP meeting.  *See* Grandison Decl. ¶ 3-5.  The information concerning the June IEP meeting is documented in the SEHO findings.  *See* Compl. Ex. A, SEHO
24   Decison at 8.

25

26        [5]In its opposition, defendant disclosed that through mediation the parties agreed to have K.H. assessed using sign language.  Opp. Mot. at 4; Rho-Ng Supp. Dec. at 3.  Plaintiffs state that they did not consent to this
     disclosure of confidential mediation statements.  Pl. Reply Br. at 9; *see also* ADR Local Rule 6-11.  In the
27   future, defendant should take care to ensure that similar disclosures do not occur.

28                                         7

1

2    Dated: 10/19/05

3

4                                                SUSAN ILLSTON
                                                 United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

8